FILED

OCT 30 2000

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH VERNON,<br><br>    Petitioner,<br><br>v.<br><br>ANTHONY A. LAMARQUE, Warden, and DOES 1-10,<br><br>    Respondents. | No. C 00-3311 MJJ<br><br>**ORDER DISMISSING WRIT OF *HABEAS CORPUS***<br><br>ENTERED IN CIVIL DOCKET NOV - 2 2000 |

    On October 12, 2000, Petitioner Kenneth Vernon ("Vernon") filed with this Court a petition for *habeas corpus* under 28 U.S.C. § 2254. The petition states that subsequent to the direct appeal of his conviction in the California appellate courts, Vernon filed a petition for writ of *habeas corpus* in the San Joaquin County Superior Court, Stockton, California. According to the petition, the state petition is currently pending.

    Dismissal of Vernon's petition is required by the *habeas* exhaustion doctrine. A prisoner in state custody who wishes to challenge either the fact or length of his confinement by filing a federal petition for writ of *habeas corpus* must first exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every issue he seeks to raise in federal court. *See* 28 U.S.C. § 2254(b),(c). The exhaustion requirement is not satisfied if there is a pending post-conviction proceeding in state court. *See Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir. 1983). When an appeal or collateral challenge of a state criminal conviction is pending, a would-be federal *habeas*

petitioner must await the outcome of the state court action before his state remedies are exhausted, even where the issue to be challenged in the writ of *habeas corpus* has been finally settled in the state courts. *See id.* Even if the federal constitutional question raised by the petitioner cannot be resolved in a pending state action, that action may result in the reversal of the petitioner's conviction on some other ground, thereby mooting the federal question. *See id.*

Vernon indicates in his petition that he has a post-conviction proceeding currently pending in California court. Until that proceeding is concluded, a *habeas* petition in this court is premature. Therefore, Vernon's petition is DISMISSED without prejudice to Vernon filing a new petition after all of his state court post-conviction proceedings have concluded.

**IT IS SO ORDERED.**

Dated: 10/30/2000

MARTIN J. JENKINS
UNITED STATES DISTRICT JUDGE

ba

United States District Court
for the
Northern District of California
October 30, 2000

* * CERTIFICATE OF SERVICE * *

Case Number:3:00-cv-03311

Vernon

vs

Lamarque

---

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 30, 2000, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Mark R. Vermeulen, Esq.
755 Florida Street #4
San Francisco, CA  94110-2044

Richard W. Wieking, Clerk

BY: 
Deputy Clerk