Mark R. Vermeulen [State Bar No. 115381]
Law Office of Mark R. Vermeulen
755 Florida Street  #4
San Francisco, CA  94110.2044
Telephone: 415.824.7533
Fax: 415.824.4833

FILED

01 NOV -7  AM 10: 18

RICHARD W. WIEKIN
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Attorney for Petitioner
KENNETH VERNON

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| KENNETH VERNON, | ) | No. C 00-3311 MJJ |
| | ) | |
| Petitioner, | ) | **PETITIONER'S PROTECTIVE MOTION** |
| | ) | **FOR IMMEDIATE DETERMINATION OF** |
| v. | ) | **EXHAUSTION STATUS, FOR EQUITABLE** |
| | ) | **OR OTHER TOLLING, AND FOR ORDER** |
| ANTHONY A. LAMARQUE, | ) | **HOLDING PETITION IN ABEYANCE** |
| Warden, and DOES 1-10, | ) | **PENDING EXHAUSTION IN STATE COURT** |
| | ) | |
| Respondents. | ) | |
| | ) | |

TO THE HONORABLE COURT:

Petitioner Kenneth Vernon, through counsel, hereby moves for the following:

(1) an order vacating the dismissal entered October 30, 2000 and reinstating the

Petition For A Writ Of Habeas Corpus filed September 12, 2000; and

(2) an immediate ruling on the exhaustion status of each claim in the Petition,

with a corresponding order permitting the excision of any unexhausted claims; and

(3) an order:

(a) conditionally granting equitable tolling retrospectively to the date the

Petition was filed and prospectively to the date the Court rules on the exhaustion

status of each of the claims presented and permits the excision of any

unexhausted claims and the filing of a first amended petition (as the Court will

find one or more claims in the Petition to be unexhausted), with tolling to take

effect; or, in the alternative,

- 1 -

PETITIONER'S PROTECTIVE MOTION
RE: EQUITABLE OR OTHER TOLLING, ETC.

(b) "filling in" Congress' omission of statutory tolling from 28 U.S.C. § 2244(d) during the pendency of the Petition (as suggested in Justice Stevens' concurrence (joined by Justice Souter) in *Duncan v. Walker*, 121 S.Ct. 2120, 2129-2131 (2001)); or, in the alternative,

(c) declaring 28 U.S.C. § 2244(d)(1)'s limitations period satisfied as a matter of law upon the filing of the Petition on the ground that Petitioner satisfied the only requirement imposed by 28 U.S.C. § 2244(d)(1) – that an "application for a writ of habeas corpus" be filed within one year of the relevant triggering date – at the moment he filed his then-timely Petition, which declaration/order would have the effect of suspending the running of the limitations period during the pendency of the Petition (including any period of stay/abeyance); and

(4) upon amendment of the Petition so that it contains only currently exhausted claims, an order that the proceedings before this Court be stayed and held in abeyance, with the Court retaining jurisdiction over the case while Petitioner exhausts the remedies available to him in the state courts.

This motion is made on the grounds that the above-requested orders and rulings may be necessary – and are certainly prudent – to avoid the danger of accidental untimeliness in the filing and litigation of the Petition in light of *Duncan v. Walker*, 121 S.Ct. 2120 (2001) and the recent grant of certiorari in *Newland v. Saffold*, ___S.Ct.___, 2001 WL 985072 (Oct. 15, 2001) (mem. order granting *cert.*) (opinion below: *Saffold v. Newland*, 250 F.3d 1262 (9th Cir. 2001)).

This motion is based on this Motion, the attached Memorandum Of Points And Authorities, the accompanying Declaration Of Counsel, With Exhibits, In Support Of Petitioner's Protective Motion, the accompanying [Proposed] First Amended Petition, the files and records in this case and in the related state court proceedings (both on direct appeal and in the pending habeas proceedings), and all further matters that may be presented to the Court.

Date: November 5, 2001

_____

Mark R. Vermeulen
Attorney for Petitioner
KENNETH VERNON

- 2 -

PETITIONER'S PROTECTIVE MOTION
RE: EQUITABLE OR OTHER TOLLING, ETC.

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

### Introduction

3

Recent developments in procedural case law regarding the timeliness of federal *habeas*

4

petitions cause Petitioner to return to this Court to seek rulings that will avoid any accidental

5

and unintended untimeliness in the filing and litigating of this Petition.  Outlined below are the

6

procedural histories of the *habeas* proceedings before this Court and the related state court

7

proceedings, the recent legal developments in habeas law that have triggered this submission,

and the relief requested.

8

9

### I.    Procedural Histories

10

#### A.    Procedural History Of The Instant Petition

On September 12, 2000, Petitioner filed his Petition For Writ Of Habeas Corpus

11

("Petition") with this Court.  *See* Exhibit A: Petition For Writ Of Habeas Corpus By A Person

12

In State Custody [28 U.S.C. § 2254].[1]    The Petition was timely filed, but it was filed close to

13

the one-year filing deadline established under the Antiterrorism and Effective Death Penalty

14

Act of 1996 ("AEDPA").[2]

15

As noted in the Petition, at the time the Petition was filed, a petition for writ of habeas

16

corpus was pending in the San Joaquin County Superior Court, Stockton, California ("the state

court petition").  The state court petition had been filed by current counsel[3] to exhaust certain

17

claims that had not been raised in the direct appeal.  As such, the Petition contained both claims

18

that previously had been exhausted and claims that had not yet been exhausted.[4]

19

---

20

[1]    The exhibits referenced herein are compiled in the Exhibits To Petitioner's Protective Motion, filed herewith.  Those exhibits include the relevant filings in the direct appeal and in

21

the state habeas action and, for ease of reference, the earlier filings with this Court.

22

[2]    The Petition was filed on September 12, 2000, two days before the filing deadline of

23

September 14, 2000.

24

[3]    Petitioner was represented in the trial court by appointed counsel Ralph Cingcon of Stockton, California.  Petitioner was represented in his direct appeal and in his petition for

25

review to the California Supreme Court by appointed counsel Kyle Gee of Oakland, California. Petitioner is currently represented by Mark Vermeulen.

26

27

[4]    The claims in the Petition that had *not* been exhausted previously are those set forth as Claims One through Six.  *See* Petition (Exhibit A) at 2-6.  The claims in the Petition that *had*

28

PETITIONER'S PROTECTIVE MOTION
RE: EQUITABLE OR OTHER TOLLING, ETC.

- 3 -

On October 30, 2000, the Court issued its Order Dismissing Writ Of *Habeas Corpus* ("Order", *see* Exhibit B), dismissing the Petition based on the habeas exhaustion doctrine. *See* Order (Exhibit B) at 1. The dismissal was without prejudice to Petitioner "filing a new petition after all of his state court post-conviction proceedings have concluded." *See* Order (Exhibit B) at 2.

**B.    Procedural History Of The State Court Habeas Proceedings**

On September 11, 2000, Petitioner filed a petition for writ of habeas corpus in the San Joaquin County Superior Court. *See* Exhibit C: Petition For Writ Of Habeas Corpus, filed in San Joaquin County Superior Court, No. SC059609A. The state court petition raises claims developed by current counsel which had not been raised in the direct appeal. *See* Exhibit D: Appellant's Petition For Review, filed in the California Supreme Court, No. S078530; Exhibit E: order of the California Supreme Court denying petition for review.

With the state court petition, Petitioner filed requests for discovery relevant to the claims, requesting specifically that the discovery be ordered produced prior to the date by which any denial or traverse was due and sufficiently in advance of that date so that Petitioner, through counsel, could adequately and effectively review and investigate the information provided by the discovery. *See* Exhibit F: Request For Discovery In Connection With Petition For Writ Of Habeas Corpus, filed in San Joaquin County Superior Court, No. SC059609A.[5] The discovery was (and is) necessary to develop fully the facts and evidence supporting the claims alleged in the state court petition and to ensure that the state court had an adequate record with which to review the petition.

On October 1, 2001, the Superior Court denied the state court petition without ruling on the requests for discovery. *See* Exhibit G: Order (denying state court petition), filed in San Joaquin County Superior Court, No. SC059609A. Petitioner subsequently submitted to the Superior Court a motion for a ruling on the previously filed requests for discovery and, in light of these requests, for reconsideration of the denial of the state court petition. *See* Exhibit H:

---

been exhausted on direct appeal are those set forth as Claims Seven and Eight. *See* Petition (Exhibit A) at 7-20.

[5] Petitioner also included within the prayer of the state court petition a request that discovery be ordered produced as set forth in the contemporaneously-filed requests for discovery. *See* state court petition (Exhibit C) at 15.

- 4 -

PETITIONER'S PROTECTIVE MOTION
RE: EQUITABLE OR OTHER TOLLING, ETC.

1  Motion For Ruling On Earlier-Filed Requests For Discovery (Filed Contemporaneously With

2  Petition For Writ Of Habeas Corpus) And For Reconsideration Of Denial Of Petition, filed in

3  San Joaquin County Superior Court, No. SC059609A. That motion and request for

4  reconsideration are currently pending in the Superior Court.

5  **II.    Recent Legal Developments**

6      **A.    The Uncertainty Raised by *Duncan v. Walker***

7          In *Duncan v. Walker*, ___ U.S. ___, 121 S.Ct. 2120 (2001), the United States Supreme

   Court held that an application for federal habeas corpus review is not an "application for State

8  post-conviction or other collateral review" within the meaning of 28 U.S.C. § 2244(d)(2).

9  *Duncan v. Walker*, 121 S.Ct. at 2129. As such, the Supreme Court held that the filing of a

10 federal habeas petition does not toll the 1-year limitations period under AEDPA – at least not

11 until it has been established that the petition is not subject to dismissal without prejudice, i.e.,

12 for failure to exhaust state remedies. The Supreme Court expressly did *not* rule upon the issue

13 involving the potential unfairness to petitioners who file timely federal habeas petitions that are

   dismissed without prejudice after the limitation period has expired. *Ibid.*

14         Justice Stevens, in his concurring opinion (joined by Justice Souter), wrote separately

15 "to add two observations regarding the equitable powers of the federal courts, which are

16 unaffected by [this] decision construing a single provision of . . . AEDPA":

17         First, although the Court's pre-AEDPA decision in *Rose v. Lundy*, 455 U.S. 509, 522,
           102 S.Ct. 1198, 71 L.Ed.2d 379 (1982), prescribed the dismissal of federal habeas
18         corpus petitions containing unexhausted claims, **in our post-AEDPA world there is no
           reason why a district court should not retain jurisdiction over a meritorious claim
19         and stay further proceedings pending the complete exhaustion of state remedies.**
           Indeed, there is every reason to do so when AEDPA gives a district court the alternative
20         of simply denying a petition containing unexhausted but nonmeritorious claims, see 28
           U.S.C. § 2254(b)(2) (1994 ed., Supp. V), and when the failure to retain jurisdiction
21         would foreclose federal review of a meritorious claim because of the lapse of AEDPA's
22         1-year limitations period.

23         Second, despite the Court's suggestion that tolling the limitations period for a first
24         federal habeas petition would undermine the "purposes" of AEDPA, [citation omitted],
           **neither the Court's narrow holding, nor anything in the text or legislative history
25         of AEDPA, precludes a federal court from deeming the limitations period tolled
           for such a petition as a matter of equity.** The Court's opinion does not address a
26         federal court's ability to toll the limitations period apart from § 2244(d)(2). [Citation
           omitted.] **Furthermore, a federal court might very well conclude that tolling is
27         appropriate based on the reasonable belief that Congress could not have intended

28                                              - 5 -
   PETITIONER'S PROTECTIVE MOTION
   RE: EQUITABLE OR OTHER TOLLING, ETC.

1    **to bar federal habeas review for petitioners who invoke the court's jurisdiction**
2    **within the 1-year interval prescribed by AEDPA.**

3    *Duncan v. Walker*, 121 S.Ct. at 2129-2130 (Stevens, J., concurring) (emphasis added). [6]

4        One key implication of *Duncan v. Walker*, strictly read, is that the only way to be

5    certain the limitations clock is not running during the pendency of a federal petition is to have a

6    "properly filed application for state post-conviction or other collateral review" pending

7    simultaneously in state court, which entitles the petitioner to tolling pursuant to 28 U.S.C. §

8    2244(d)(2)[7] as construed in *Artuz v. Bennett*, 531 U.S. 4 (2000).  However, the exact

9    parameters of this requirement have yet to be established by the Supreme Court, as the various

10   provisions of AEDPA are still being litigated and interpreted.  While the situation present in the

11   instant case can be distinguished from *Duncan v. Walker* (e.g., there was and are state court

12   habeas proceedings pending during the filing of the Petition here), it is unclear whether these

13   distinctions will serve to protect Petitioner's rights, given the recent developments. Petitioner

14   therefore brings this motion to invoke the full panoply of safeguards available under *Duncan v.*

15   *Walker* to prisoners who file petitions that may contain one or more unexhausted claims, and to

16   ensure that this Court will be able to hear and decide the claims on a substantive basis, rather

17   than having the claims barred on procedural grounds, particularly when this bar may arise from

18   circumstances largely beyond Petitioner's control.

**B.    The Further Uncertainty Raised By**
**The Grant Of Certiorari In *Newland v. Saffold*.**

        In the Ninth Circuit, the 1-year limitations period under AEDPA "is tolled from the

time the first state habeas petition is filed until the California Supreme Court rejects the

petitioner's final collateral challenge," and the tolled period includes intervals between the

disposition of a state court petition and the filing of a subsequent petition at the next state

appellate level. *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999), *cert. denied*, 529 U.S.

---

[6]  Justice Souter, in a separate concurring opinion, noted further that "nothing bars a
district court from retaining jurisdiction pending complete exhaustion of state remedies."
*Duncan v. Walker*, 121 S.Ct. at 2129 (Souter, J., concurring).

[7]  Section 2244(d)(2):
The time during which a properly filed application for State post-conviction or other
collateral review with respect to the pertinent judgment or claim is pending shall not be
counted toward any period of limitation under this subsection.

PETITIONER'S PROTECTIVE MOTION
RE: EQUITABLE OR OTHER TOLLING, ETC.

1  1104 (2000); *Welch v. Newland*, 2001 U.S. App. LEXIS 20844; 2001 C.D.O.S. 8340; 2001 D.J.

2  DAR 10255 (9th Cir. 09/24/01) (same holding, quoting *Nino v. Galaza*); *Bunney v. Mitchell*,

3  262 F.3d 973 (9th Cir. 2001) (1-year limitations period tolled during pendency of state court

4  habeas proceedings). This is one key principle upon which Petitioner has been relying in

   litigating this Petition and the related state court habeas proceedings.

5       In *Saffold v. Newland*, 250 F.3d 1262 (9th Cir. 2001), the Ninth Circuit held that under

6  *Nino v. Galaza*, the entire period during which petitioner pursues state habeas relief applies to

7  toll the 1-year limitations period, and that the principles of tolling applied even to the 4-1/2

8  month period of time between the denial of the petition in the California Court of Appeal and

9  the filing of an original habeas petition in the California Supreme Court. *Saffold v. Newland*,

10  250 F.3d at 1265. Similarly, Petitioner has been relying on this principle.

11       However, the ruling in *Saffold v. Newland* recently has been called into question by the

   United States Supreme Court's granting of certiorari in the case. *See Newland v. Saffold*, ___

12  S.Ct. ___, 2001 WL 985072 (Oct. 15, 2001) (memorandum order granting *cert.*). The precise

13  issue upon which the Supreme Court granted certiorari is unknown to counsel at this time.[8]

14  However, in perhaps an abundance of caution, Petitioner wishes to call this Court's attention to

15  the issues presented by this development, too, to best preserve the timeliness of the previously

   filed Petition.

16  / / /

17  / / /

18  / / /

19

20

21

22

23       [8] At present, counsel does not have the precise language of the issue presented in
   *Newland v. Saffold*, but the available information indicates that the question posed is as
24  follows:

25       Does the time during which a habeas corpus petitioner failed to properly pursue state
   collateral remedies fall within the meaning of "pending" set forth by AEDPA's tolling
26       provision, 28 U.S.C. § 2244(d)(2), which tolls the running of the limitations period
   while a properly filed application for state post-conviction or other collateral relief is
27       pending?

28                                              - 7 -
   PETITIONER'S PROTECTIVE MOTION
   RE: EQUITABLE OR OTHER TOLLING, ETC.

**III.    Relief Sought To Avoid Any Accidental/Unintended Untimeliness
In The Filing And Litigation Of The Petition.**

The Petition was filed within the 1-year limitations period specified by AEDPA.
However, the recent developments noted above raise concerns that at some future time, the
earlier dismissal of the Petition, combined with the timing of the state court habeas
proceedings, could be deemed to bar federal review of Petitioner's claims. This danger is
particularly acute given that the Petition was filed only two (2) days before the limitations
period ran. These two days could elapse unintentionally, for example, if in the state court
habeas proceedings any days pass between the dismissal of a petition in one court and the re-
filing of the appeal of that petition (or the filing of a new original petition, as permitted under
California law) in a higher state court. While that time is clearly tolled under the Ninth
Circuit's holding in *Nino v. Galaza*, and while it likewise was tolled under the Ninth Circuit's
holding in *Saffold v. Newland*, the grant of certiorari (in the case now entitled *Newland v.
Saffold*) raises a question as to whether this will remain so.

In essence, Petitioner's reliance on the holdings of *Nino v. Galaza* and *Saffold v.
Newland* to toll the time involved in the state court habeas proceedings may one day be
undercut. Petitioner seeks to avoid the conundrum and uncertainty posed by the above-noted
developments, as complicated further by the fact that only two (2) days remain against the 1-
year limitations period. He therefore respectfully requests that the Court take the following
actions.

**A.    Order Vacating Earlier Dismissal And Reinstating Petition**

The Petition was timely filed but was dismissed earlier, without prejudice, given that
the Petition was mixed (i.e., it contained both exhausted and unexhausted claims).[9]  In an
abundance of caution in light of the recent legal developments, Petitioner respectfully requests
that the Court vacate the earlier dismissal, reinstate the Petition, and undertake the additional
actions noted below.

/ / /

/ / /

/ / /

---

[9]  Petitioner had noted in the Petition that the state court petition was pending. *See*
Petition (Exhibit A) at 2, ¶5).

- 8 -

PETITIONER'S PROTECTIVE MOTION
RE: EQUITABLE OR OTHER TOLLING, ETC.

**B.     Determination Of Exhaustion Status Of Claims,
Excision Of Unexhausted Claims, And Filing Of Amended Petition**

On direct appeal, Petitioner (then Appellant, through other counsel) exhausted the claims set forth in the Petition before this Court as Claims Seven and Eight. *See* Petition (Exhibit A) at 7-19, 19-20; Appellant's Petition For Review, California Supreme Court (Exhibit D) at 18-22, 25-28. The pending state court petition raises additional claims that have not been exhausted previously, which are set forth in the Petition as Claims One through Six. *See* Petition (Exhibit A) at 2-6; state court petition (Exhibit C) at 3-11. The Court should (1) deem Claims One through Six to be unexhausted and Claims Seven and Eight to be exhausted, (2) permit the excision of Claims One through Six by means of amendment, whereby the only claims remaining pending before this Court would be Claims Seven and Eight, and (3) permit the filing of a first amended petition, which would include only the currently exhausted claims.

**C.     Equitable Or Other Tolling**

While the procedural posture of the instant Petition is not precisely the same as that involved in *Duncan v. Walker*, the issues are sufficiently related that the tolling question may remain open. At least three methods are available to remedy this potential problem.

**i.     Equitable Tolling**

First, the Court could conditionally grant equitable tolling retrospectively to the date the Petition was filed and prospectively to the date the Court rules on the exhaustion status of each of the claims presented and permits the filing of a first amended petition. Equitable tolling is specifically permitted in habeas proceedings under AEDPA. *Calderon v. United States Dist. Ct. (Beeler)* 128 F.3d 1283 (9th Cir. 1997). In *Beeler*, the Court examined whether the 1-year time limit for filing a petition for writ of habeas corpus, enacted in section 101 of AEDPA, is a statute of limitations subject to equitable tolling or an inflexible limitation on federal court jurisdiction. *Beeler*, 128 F.3d at 1285. The Court observed the language of section 101 to be "remarkable lucid" in its phrasing the 1-year period "only as a 'period of limitation, [which] . . . 'does not speak in jurisdictional terms or refer in any way to the jurisdiction of the district courts.'" *Id.* at 1287-88, quoting *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 394, 71 L. Ed. 2d 234, 102 S. Ct. 1127 (1982). The Court further noted that

- 9 -

"both the Supreme Court and this court have repeatedly held that timing provisions even more unyieldingly phrased than AEDPA's are statutes of limitations subject to tolling." *Ibid.*, citing *Burnett v. New York Cent. R.R..*, 380 U.S. 424, 426, 85 S.Ct. 1050, 13 L.Ed.2d 941 (1965) ("No action shall be maintained . . . unless commenced within three years of the day the cause of action accrued.") and *William G. Tadlock Const. v. United States Dept. of Defense*, 91 F.3d 1335, 1340 (9th Cir. 1996) ("Complaint may not be filed more than 180 days after the later of the date on which the violation is alleged to have occurred or was discovered."). The Court noted further that equitable tolling is available where "extraordinary circumstances" beyond a prisoner's control make it impossible to file a petition on time. *Id.* at 1288-1289; *Alvarez-Machain v. United States*, 107 F.3d 696, 701 (9th Cir. 1997).

This is a case where it may become impossible to file a petition on time through circumstances beyond Mr. Vernon's control, whether arising from later legal developments or from events that delayed the filing of the petition.[10] This would not be due to his failing to timely file the Petition (for he did file timely). Rather, the potential untimeliness may occur due to later legal developments wherein his reliance upon certain legal principles is later undercut. *See, e.g., Nino v. Galaza, supra* (including within the tolled period all intervals between the disposition of a state court petition and the filing of a subsequent petition at the next state appellate level).

Further, the circumstances present here demonstrate that any passage of time involved in the filing of the various petitions was not the fault of Petitioner. *See* accompanying Declaration Of Counsel (setting forth more extensively reasons for the passage of time in investigating and filing the Petition and the related state court petition). Petitioner is indigent. He has been incarcerated since his arrest in or about September, 1995, and he has been in the custody of the California Department of Corrections since his sentencing in or about April, 1997. During much of this time he and other prisoners in his facility have been under

---

[10] It is possible that the earlier-filed Petition could nonetheless be deemed timely if many future circumstances fell perfectly into place. However, Petitioner does not wish to risk this uncertainty. Nor does he need to, given the instant motion and the mechanisms available to the Court. This Motion is designed to eliminate the uncertainty occasioned by the recent legal developments and to invoke the full panoply of safeguards available to prisoners who file petitions that contain unexhausted claims.

- 10 -

lockdown such that communication with his family has been difficult or, in practical terms, impossible. He is not able (and has not been able) to conduct the investigation or litigation of this matter, and he cannot fund the investigation and/or litigation of this matter.[11] It was only after the direct appeal had been completed that his family was able to raise the funds necessary to hire habeas counsel to investigate the potential claims and to research and draft the instant Petition and the related state court petition. Further complications and delays arose in counsel's efforts to obtain the trial files from trial counsel and to investigate the claims raised in the petitions, along with other claims that appeared at first to be meritorious but which later proved to be not sufficiently substantial to include in the petitions. The timing of the investigation and the preparation of the petitions, along with the efforts to obtain the trial files and to otherwise investigate the claims, are set forth more fully in the accompanying Declaration Of Counsel, With Exhibits, In Support Of Petitioner's Protective Motion, to which the Court is respectfully referred.

The legal developments noted above, along with the difficulties encountered in investigating and presenting the claims in the Petition, establish that equitable tolling is appropriate in this case.

### ii.    Tolling Per Justice Stevens' Concurrence

A second method by which tolling could occur is suggested by Justice Stevens' in his concurrence in *Duncan v. Walker*. By this method, the Court would fill in Congress' omission of statutory tolling from 28 U.S.C. § 2244(d) during the pendency of the Petition. *See Duncan v. Walker*, 121 S.Ct. at 2129-2131.

### iii.    Tolling By Satisfaction Of Limitations Period Upon Original Filing Of Petition.

Finally, the Court could declare 28 U.S.C. § 2244(d)(1)'s limitations period satisfied as a matter of law upon the filing of the Petition on the ground that Petitioner satisfied the only requirement imposed by 28 U.S.C. § 2244(d)(1) – that an "application for a writ of *habeas corpus*" be filed within one year of the relevant triggering date – at the moment he filed his then-timely Petition, which declaration/order would have the

---

[11]    As the Court is aware, he is not entitled to appointed counsel in connection with habeas proceedings. *Pennsylvania v. Finley*, 481 U.S. 551, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987).

PETITIONER'S PROTECTIVE MOTION
RE: EQUITABLE OR OTHER TOLLING, ETC.

1  effect of suspending the running of the limitations period during the pendency of the

2  Petition (including any period of stay/abeyance).

3  **D.    Holding Petition In Abeyance Pending Exhaustion Of Claims**

4  Lastly, Petitioner requests that the Court hold the Petition in abeyance pending the

exhaustion of claims in the state court.  In cases such as this, where a petition has been timely

5  filed which contains unexhausted claims, the district court has the authority to permit a

6  petitioner to preserve his/her timely filing date while pursuing additional exhaustion

7  proceedings in the state courts without prejudice from the 1-year limitations period.  The

8  procedure by which this occurs is by the Court holding the petition (which contains only

9  exhausted claims) in abeyance subject to further amendment reincorporating the deleted claims

once they are exhausted in state court.  *Calderon v. United States Dist. Ct. (Taylor)*, 134 F.3d

10  981, 985-988 (9th Cir.), *cert. denied*, 525 U.S. 920 (1998) (although exhaustion doctrine

11  requires dismissal of mixed petition, district court has authority to permit excision of

12  unexhausted claims by means of amendment and thereafter to hold now-fully-exhausted

13  petition in abeyance pending exhaustion of excised claims, subject to further amendment

14  reincorporating the deleted claims once they are exhausted in the state court); *Calderon v.*

15  *United States Dist. Ct. (Thomas)*, 144 F.3d 618, 620 (9th Cir. 1998) (same, relying on *Taylor*);

*Fetterly v. Paskett*, 997 F.2d 1295, 1301-02 (9th Cir. 1993) (district court abused its discretion

16  by refusing to hold federal proceedings in abeyance while petitioner returned to state court to

17  litigate unexhausted claims); *see also Edwards v. Balisok*, 117 S.Ct. 1584, 1589 (1997)

18  (suggesting that federal courts are permitted to stay or hold in abeyance, rather than dismiss,

19  previously filed judicial proceedings pending exhaustion of remedies that are prerequisite to

20  final adjudication of previously filed proceedings); *Lambrix v. Singletary*, 520 U.S. 518, 524-

21  525, 117 S.Ct. 1517, 1522-23 (1997) (taking apparently approving notice of federal lower

22  court's use of abeyance procedure); *Greenawalt v. Stewart*, 105 F.3d 1268, 1274 (9th Cir.),

*cert. denied*, ___ U.S ___ , 117 S. Ct. 794 (1997) ("A district court has discretion to stay a

23  petition which it may validly consider on the merits."); *Rowland v. Calderon*, C-94-3037-EFL

24  (N.D. Cal. April 21, 1997) (granting petitioner's request to amend petition to delete

25  unexhausted claims and stay federal proceedings during exhaustion of state remedies).

26  The Court should employ this procedure here.  The 1-year limitations period has been

27  satisfied, but if additional time passes, whether by an interval between filings in the state court

28

- 12 -

PETITIONER'S PROTECTIVE MOTION
RE: EQUITABLE OR OTHER TOLLING, ETC.

1  or the re-filing in this Court after the state court proceedings are completed, or whether through

2  a change in the law upon which Petitioner has been relying, the timely filed Petition could

3  become untimely.  Holding the matter in abeyance would remedy this otherwise potentially

   insurmountable obstacle.

4

5                                      **Conclusion**

6          Petitioner Kenneth Vernon respectfully requests that in light of the recent developments

7  in habeas law, which potentially undercut understandings upon which Petitioner has been

8  relying and proceeding, and in light of the short time period (2 days) remaining regarding the 1-

9  year limitations period, that the Court grant the relief requested herein.  A proposed First

   Amended Petition accompanies this Motion.
10

11 Date: November 5, 2001                     Respectfully submitted,

12

13

14                                           _____

                                             Mark R. Vermeulen
15                                           Attorney for Petitioner
                                             KENNETH VERNON
16

17

18

19

20

21

22

23

24

25

26

27
                                           - 13 -
28
   PETITIONER'S PROTECTIVE MOTION
   RE: EQUITABLE OR OTHER TOLLING, ETC.