**FILED**

SEP - 4 2002

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH VERNON, | No. C 00-3311 MJJ |
| Plaintiff, | **ORDER** |
| v. | |
| ANTHONY A. LAMARQUE, et al., | |
| Defendant. | |

## INTRODUCTION

Before this Court is Kenneth Vernon's ("Petitioner" or "Vernon") Protective Motion ("Motion") for immediate determination of exhaustion status, for equitable or other tolling, and for order holding Petition in abeyance pending exhaustion in state court. Vernon's motion is made on the grounds that the protective order may be necessary to avoid the possibility of accidental untimeliness in filing Vernon's Petition for *habeas corpus* in this Court after exhausting state judicial remedies. Having reviewed the moving papers in addition to the supplemental materials filed by Petitioner, and for the reasons set forth herein, the Court ORDERS Vernon to SHOW CAUSE as to his request to vacate previous dismissal; DENIES WITHOUT PREJUDICE his request to delete unexhausted claims and file amended Petition; DENIES WITH PREJUDICE in part and WITHOUT PREJUDICE in part as to various requests for tolling the one-year limitations period under AEDPA; and DENIES WITHOUT PREJUDICE Vernon's request to hold his first federal

Petition in abeyance subject to further amendment.

## BACKGROUND AND PROCEDURAL POSTURE

On September 12, 2000 Vernon filed with this Court his Petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. See Order Dismissing Writ of Habeas Corpus ("Order") at 1. The Petition was filed two days before the one-year filing deadline established under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). See Motion at 3. The Petition contained eight claims. See Petition at 2-21. Only the last two claims had been exhausted through state post-conviction proceedings. The first six were pending in a state petition for writ of *habeas corpus* in the San Joaquin County Superior Court, Stockton, California. See Motion at 3. Because the Petition contained unexhausted claims, this Court dismissed the Petition for failure to exhausted state judicial remedies under the *habeas* exhaustion doctrine on October 30, 2000. See Order at 1. The Petition was dismissed without prejudice to Vernon filing a new petition after all of his state court post-conviction proceedings conclude. See id. at 2.

Before this Court is Vernon's Motion seeking the following: (1) an order vacating the dismissal entered October 30, 2000 and reinstating the Petition for writ of *habeas corpus* filed September 12, 2000; (2) an immediate ruling on the exhaustion status of each claim in the Petition and allowance to amend the Petition to delete unexhausted claims; (3) an order tolling the limitations period; and (4) an order holding Petition in abeyance pending exhaustion in state court. See Motion at 1-2.

Vernon's motion is based on the possible untimeliness of the federal *habeas* petition he would file subsequent to exhaustion of state judicial remedies. See id. at 2. Vernon points to recent developments in procedural law that create uncertainty regarding the timeliness of his federal *habeas* petition. See id. Specifically, Vernon cites to Duncan v. Walker, 121 S.Ct. 2120 (2001), where the Supreme Court recently held that "application for federal *habeas corpus* review is not 'application for State post-conviction or other collateral review,'" within the meaning of 28 U.S.C. §

2244(d)(2).'"[1] Id. at 2129. As such, the Supreme Court found § 2244(d)(2) did not toll the limitation period during the pendency of the petitioner's first federal petition. Id. Based on Duncan, Vernon argues that if the Supreme Court of California denies Vernon's state *habeas* petition, he has two days to file his new federal *habeas* Petition after the Supreme Court of California's denial becomes "final" under California Rule of Court 24.[2]

## ANALYSIS

### A. Request for Order Vacating Earlier Dismissal and Reinstating Petition

Vernon asks this Court to "in an abundance of caution in light of the recent legal developments . . . vacate the earlier dismissal, reinstate the Petition, and undertake the additional actions below." Motion at 8. Vernon's only argument for relief from final judgment is the "recent legal developments" in Duncan that may make a second petition in this Court untimely. See Motion at 8.

Vernon does not point this Court to any authority which would allow it to grant relief from judgment. Vernon could have sought relief under Federal Rules of Civil Procedure 59(e) or 60(b). Vernon would be time barred under Rule 59(e), which provides that any motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment. Fed. R. Civ. P. 59(e). Rule 60(b) provides for relief only upon a showing of: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered before the court's decision; (3) fraud by the adverse party; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) any other reason justifying relief. This motion must be made within

---

[1] Vernon also expresses concern about the Supreme Court's granting of certiorari of Saffold v. Newland, 250 F.3d 1261 (9th Cir. 2001), cert. granted in Newland v. Saffold, 151 S.Ct. 393 (2001), judgment vacated by Carey v. Saffold, 122 S.Ct. 2134 (2002). At the time Vernon filed his Motion, it was uncertain whether the Supreme Court would uphold the Ninth Circuit's Saffold finding that a state collateral proceeding is "pending," within meaning of AEDPA during entire period from time he filed his state *habeas* petition in trial court until the California Supreme Court denied petition, including time between one court's denial of relief and petitioner's filing seeking further review in higher state court. Saffold v. Newland, 250 F.3d at 1265. However, Vernon's concerns are moot since the Supreme Court in Carey agreed with the Ninth Circuit decision. See Carey, 122 S.Ct. at 2140 (holding that "California's system functions in ways sufficiently like other state systems of collateral review to bring intervals between a lower court decision and a finding of a new petition in a higher court within the scope of the statutory word "pending").

[2] Under § 2244(d)(2) tolling ends thirty days after the Supreme Court of California's denial of the final *habeas* petition is filed because that is when the denial becomes "final" under California Rule of Court 24. Bunny v. Mitchell, 262 F.3d 973, 974 (9th Cir. 2001). Therefore, Vernon has 32 days to file his second *habeas* petition after exhausting his state remedies.

"reasonable time," and for reasons (1), (2) and (3), no later than one year after judgment was entered. See id.

This Court filed its Order dismissing the original petition on October 30, 2000. Vernon filed the present motion on November 7, 2001. Vernon is consequently beyond the one-year period for seeking relief based on grounds (1) - (3). Therefore, Vernon's argument for relief from judgment would have to be based on grounds 60(b)(4) - (6).[3] Vernon does not provide this Court with any valid arguments for why he should be granted relief from judgment under Rule 60(b)(4)- (6)[4], or any other grounds to vacate the earlier dismissal. Accordingly, the Court ORDERS Vernon TO SHOW CAUSE why he should be granted relief from judgment. Moreover, the Court orders Vernon to point to authority upon which it could grant the relief he seeks.

**B.   Determination of exhaustion status of claims, excision of unexhausted claims and filing of amended petition**

Vernon asks this Court to "(1) deem Claims one through six of his original federal *habeas* Petition unexhausted and claims seven and eight exhausted; (2) permit amendment of the original *habeas* Petition to take out the unexhausted claims and leave the exhausted claims; and (3) allow a first amended Petition to be filed to include the unexhausted claims. See Motion at 9. To grant Vernon's motion to amend his dismissed Petition and file the amended petition, this Court would have to vacate the earlier dismissal. However, as mentioned above, Vernon has not provided grounds for this Court to provide relief for judgment. See above discussion at 3-5.

---

[3] Had Vernon not been time barred, and had he made the foregoing argument, he could have sought relief from judgment under 60(b)(1) by arguing that this Court's earlier dismissal constituted a mistake based on error of law. Under Federal Rules of Civil Procedure 15(a), "[a] party may amend the party's pleading once as a matter of course . . . ." Fed. R. Civ. P. 15(a). Rule 15(a) extends to *habeas* petitions. 28 U.S.C. § 2244 *(habeas* petitions "may be amended or supplemented as provided in the rules of procedure applicable to civil actions"); see also Anthony v. Cambra, 236 F.3d 568, 574 (9th Cir. 2000) (holding that 15(a) "applies to *habeas corpus* actions and requires district courts to allow amendments of mixed federal *habeas* petitions").

[4] Even if Vernon had based his only argument for relief – the "recent development in the law" – on 60(b)(6), he has failed to demonstrate that this development justified relief from the operation of judgment. Vernon has not persuasively argued that this development in the law impacted his ability to timely file a second petition. First, it is unclear that Duncan represented an intervening change in controlling law. In fact, a reading of Duncan suggests that the Supreme Court followed the Ninth Circuit's approach to reading § 2244(d)(2). Duncan, 121 S.Ct. at 2124 (agreeing with the Ninth Circuit's reading of § 2244(d)(2) in Jiminez v. Rice, 222 F.3d 1210 that a federal petition does not toll the limitations period pursuant to § 2244(d)(2)). Second, Vernon has not shown that the 32 day period he has to file his second *habeas* petition in this court after exhausting his state remedies is insufficient. See above discussion at 1, 3 n.2.

4

For purposes of the present motion, without granting Vernon relief from judgment, it would appear the only other means by which this Court could allow Vernon to take out the unexhausted claims and file an amended complaint is to find that there was a pending petition to which the new petition could relate back or amend. See Henry v. Lungren, 164 F.3d 1240, 1241 (9th Cir. 1999). However, when this Court dismissed the instant action for failure to exhaust, Petitioner's action terminated. Moreover, under the Federal Rule of Civil Procedure 15(c)(2), a subsequent petition does not relate back to the petition dismissed for failure to exhaust unless a court expressly or impliedly retains jurisdiction. See id.; Dils v. Small, 260 F.3d 984, 986-87 (9th Cir. 2001) (federal petition does not relate back to earlier petition whose life came to an end when dismissed for failure to exhaust).

Here, the Court did not expressly or impliedly retain jurisdiction. See Order at 1-2. Consequently, there is no pending petition to which Petitioner could amend or relate back. This Court therefore DENIES WITHOUT PREJUDICE Vernon's request to delete the unexhausted claims from his first federal *habeas* Petition. Upon showing cause for vacating earlier dismissal, Vernon may again move to delete his unexhausted claims and file an amended complaint.

## C. Tolling option

Given current Ninth Circuit law under Duncan and Bunny, the tolling period will end for Vernon 30 days after the Supreme Court of California's denial of the *habeas* petition is filed under § 2244(d)(2). See above discussion at 2-3, 3 n.2. Once the tolling period ends, Vernon has only two days remaining in his one-year statute of limitations period under AEDPA to file a new federal *habeas* petition. In order to avoid the possibility of accidental untimeliness Vernon asks this Court to consider three tolling remedies: (1) conditional equitable tolling; (2) tolling per Justice Stevens' Concurrence; and (3) tolling by satisfaction of limitations period upon original filing of Petition. See Motion at 9-11.

### 1. Conditional Equitable Tolling

Vernon requests the Court "grant conditional equitable tolling retrospectively to the date the Petition was filed and prospectively to the date the Court rules on the exhaustion status of each of the claims presented and permits the filing of a first amended petition." Motion at 9. Vernon correctly points out the AEDPA's one-year time limit for filing a petition of *habeas corpus* is a statute of

limitations subject to equitable tolling, rather than an inflexible limitation of federal court jurisdiction. See Calderon v. United States Dist. Court (Beeler), 128 F.3d 1283 (9th Cir. 1997), overruled in part on other grounds by Calderon v. United States Dist. Court (Kelly), 163 F.3d 530 (9th Cir.). This Court must determine whether equitable tolling is appropriate in the instant case. Courts will equitably toll the AEDPA's one-year period only where "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." Id. "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).

Vernon's request for equitable tolling is grounded in his concern that it may become impossible to file a petition on time through circumstances beyond his control. Those circumstances include: (1) later legal developments or from events that delay the filing of the petition; (2) delays in raising the money to fund an investigation and litigate this matter due to indigence; and (3) delays and complications arising from difficulties in obtaining his files from his trial counsel. This Court need not reach the issue of whether these circumstances constitute "extraordinary circumstances beyond a prisoner's control" because the basis of Vernon's request for equitable tolling – possible future untimeliness – is an abstract concern not ripe for adjudication.[5] "The ripeness doctrine prevents courts from deciding theoretical or abstract questions that do not yet have a concrete impact

---

[5] Even if the Court were to find that the question of equitable tolling was ripe for adjudication, this Court would still have to find that Vernon's inability to fund investigation and litigation of the matter and trial counsel's retention of his files rise to the level of "extraordinary circumstances" beyond his control. The Ninth Circuit has found in a number of cases that petitioner faced "extraordinary" external forces requiring equitable tolling of the statute of limitations period. See, e.g., Calderon (Beeler), 128 F.3d at 1288-89 (equitably tolling the statute where lead counsel had withdrawn after accepting employment in another state and left behind an unusable work product); Calderon (Kelly), 163 F.3d at 541 (equitably tolling the statute where petitioner's mental incompetency rendered him unable to assist his attorney in preparation of his petition); Miles v. Prutny, 187 F.3d at 1107 (equitably tolling the statute where prison authorities failed to mail petitioner's petition); Jorss v. Gomes, 266 F.3d 955, 958 (9th Cir. 2001) (equitably tolling statute where the district court erroneously dismissed petition because it wrongly concluded that the petition contained unexhausted claims). This Court is not convinced Vernon's indigence and trial counsel's retention of his files rise to the level of "extraordinary circumstances" making it impossible to timely file his petition. First, Vernon's indigence is not an "extraordinary circumstance" given his admission that he is not entitled to appointed counsel in connection with habeas proceedings. Second, the Ninth Circuit has held that an attorney's miscalculation of the limitations period and his negligence in general do not constitute extraordinary circumstances sufficient to warrant equitable tolling. Frye v. Hickman, 273 F.3d 1144, 1146 (9th Cir. 2001). More importantly, Vernon must show that the "extraordinary circumstances" were the but-for and proximate cause of his untimeliness." Allen v. Lewis, 255 F.3d 798, 800 (9th Cir. 2001). Although Vernon's counsel details his attempts at obtaining the files, he does not demonstrate this causal relationship. Declaration of Counsel at 1-2.

1   on the parties [sic]." Assiniboine and Sioux Tribes of the Fort Peck Indian Reservation v. Board Of
2   Oil and Gas Conservation, 792 F.2d 782, 788 (9th Cir. 1986). Courts look at the "facts as they exist
3   today in evaluating whether the controversy before [them] is sufficiently concrete to warrant [their]
4   intervention." Id.
5       Petitioner admits the precaution of equitable tolling may or may not be necessary, stating, "it
6   is possible that the earlier-filed Petition could nonetheless be deemed timely if many future
7   circumstances fell perfectly into place." Motion at 10, n.10. The external forces alleged by Vernon
8   have not come to pass, creating "extraordinary circumstances" making it "impossible" to timely file a
9   petition. Untimeliness is not a current controversy before this Court. As such, it would be premature
10  to grant Vernon conditional equitable tolling. The Court therefore DENIES WITHOUT
11  PREJUDICE Vernon's request for equitable tolling. Vernon may again request equitable tolling
12  upon a showing that the circumstances are ripe for adjudication.
13      **2.   Tolling Per Justice Stevens' Concurrence**
14      A second method of tolling Vernon requests is to follow Justice Stevens' Concurrence in
15  Duncan and "fill in Congress' omission of statutory tolling from 28 U.S.C. § 2244(d)(1) during the
16  pendency of the Petition." Motion at 11. Justice Stevens' concurrence adds two "observations
17  regarding the equitable powers of the federal courts, which are unaffected by today's decision."
18  Duncan, 121 S.Ct. at 2129. He points out that a federal court may still take the following actions: (1)
19  retain jurisdiction of original Petition and stay proceedings; or (2) equitably toll "based on the
20  reasonable belief that Congress would not have intended to bar federal *habeas* review for petitioners
21  who invoke the court's jurisdiction within the 1-year interval prescribed by AEDPA." Id. at 2130.
22      As discussed above, this Court declines to take these actions. First, the Court did not
23  expressly or impliedly retain jurisdiction when it dismissed the first Petition for failure to exhaust.
24  Second, Vernon's case is not ripe for equitable tolling, since such an action has not yet become
25  necessary. The Court, therefore, DENIES WITH PREJUDICE the motion as to Justice Stevens' first
26  observation to retain jurisdiction of original petition and stay abeyance, and DENIES WITHOUT
27  PREJUDICE the motion as to Justice Steven's second observation regarding equitable tolling.
28  Vernon may again request equitable tolling upon a showing that the circumstances are ripe for

7

1 adjudication.

2     **3.    Tolling by Satisfaction of Limitations Period Upon Original Filing of Petition**

3     Vernon's third tolling request is for the Court to declare the one-year limitations period satisfied as a matter of law upon the original filing of the Petition. Vernon argues that, upon filing his first Petition, he satisfied the only requirement posed by 28 U.S.C. § 2244(d)(1) – that an application for writ of *habeas corpus* be filed within one year of the relevant triggering date . . . ." The timely filing of Vernon's first Petition would therefore have the effect of suspending the running of the limitations period during the pendency of the Petition (including any period of stay/abeyance).

    This tolling option, however, is contradictory to Duncan's holding that § 2244(2) does not toll the limitations period during the pendency of *habeas* petition which was dismissed for failure to exhaust state judicial remedies. See Duncan, 121 S.Ct. at 2129. The Court, therefore, DENIES WITH PREJUDICE Vernon's request to declare the one-year limitations period satisfied as a matter of law upon the original filing of the Petition.

**D.    Request to Hold Petition in Abeyance Pending Exhaustion of Claims**

    Finally, Vernon requests the Court hold the Petition in abeyance pending the exhaustion of claims in the state court. Vernon argues where a petition has been timely filed which contains unexhausted claims, the district court has the authority to hold an amended petition containing only unexhausted claims in abeyance subject to further amendment reincorporating the deleted claims once they are exhausted in state court. See Motion at 12-13.

    In order hold the Petition in abeyance and allow for further amendment after exhaustion of state remedies, this Court would have to either vacate the original dismissal or have retained jurisdiction at the time of the original Petition. As mentioned above, this Court declines to take either of these requested actions. The Court therefore DENIES WITHOUT PREJUDICE Vernon's request to hold the first federal Petition in abeyance subject to further amendment reincorporating the deleted claims once they are exhausted in state court. Vernon may again move for abeyance and amendment upon showing cause for vacating earlier dismissal.

## CONCLUSION

For the reasons stated above, this Court ORDERS Vernon to SHOW CAUSE, <u>on or before</u>

8

September 23, 2002, why the Court should grant his request to vacate previous dismissal; DENIES WITHOUT PREJUDICE the motion as to request to delete unexhausted claims and file amended petition; DENIES WITHOUT PREJUDICE the motion as to request for equitable tolling; DENIES WITHOUT PREJUDICE the motion as to request for tolling per Justice Stevens' Concurrence in Duncan; DENIES WITH PREJUDICE the motion as to request to declare the limitations period satisfied as a matter of law upon the original filing of the Petition; and DENIES WITHOUT PREJUDICE Vernon's request to hold his first federal Petition in abeyance subject to further amendment.

**IT IS SO ORDERED.**

Dated: September 3, 2002

MARTIN J. JENKINS
UNITED STATES DISTRICT JUDGE

whk

United States District Court
for the
Northern District of California
September 4, 2002

* * CERTIFICATE OF SERVICE * *
Entry on Civil Docket

Case Number:3:00-cv-03311

Vernon

vs

Lamarque

---

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on September 4, 2002, I SERVED and ENTERED on the civil docket a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) listed below, by depositing said envelope in the U.S. Mail; or by placing said copy(ies) into an inter-office delivery receptacle located in the office of the Clerk.

    Mark R. Vermeulen, Esq.
    755 Florida Street #4
    San Francisco, CA  94110-2044


                                            Richard W. Wieking, Clerk

                                        BY: *Wilma Hewlin Kelly*
                                            Deputy Clerk