Mark R. Vermeulen [State Bar No. 115381]
Law Office of Mark R. Vermeulen
755 Florida Street #4
San Francisco, CA 94110.2044
Phone: 415.824.7533
Fax: 415.824.4833

Attorney for Petitioner
KENNETH VERNON

FILED

02 NOV -4 PM 3: 37

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH VERNON, | ) No. C 00-3311 MJJ |
| Petitioner, | ) |
| v. | ) **PETITIONER'S RESPONSE** |
| | ) **TO ORDER TO SHOW CAUSE** |
| ANTHONY A. LAMARQUE, et al., | ) |
| Respondents. | ) |

## INTRODUCTION

Petitioner Kenneth Vernon hereby responds to the order to show cause issued by the Court September 4, 2002. The order directed Petitioner to show cause why the Court should grant his request to vacate the Court's previous dismissal of his Petition For Writ Of Habeas Corpus, and the Court directed Petitioner to point to authority upon which the Court could grant the relief Petitioner seeks. It appears that pursuant to *Anthony v. Cambra*, 236 F.3d 568, 574 (9th Cir. 2000), *cert. denied,* ___ U.S. ___, 121 S.Ct. 2576, 150 L.Ed.2d 739 (2001) and related authority, the Court could exercise its equitable powers to accept and file the earlier-submitted First Amended Petition For Writ Of Habeas Corpus *nunc pro tunc* to the date of the original filing. However, that does not appear to be necessary, given the Court's indications regarding the time still available to Petitioner within which to file a petition after exhausting state remedies (i.e., 32 days; *see* Order filed September 4, 2002, at 3, fn.2 & 4, fn. 4).

Therefore, Petitioner has instead filed simultaneously with this Response a new petition for writ of habeas corpus which contains only those claims that have been exhausted previously in the state

courts. Petitioner respectfully requests that the Court stay consideration of the new petition and hold it in abeyance, thereafter allowing him to amend the petition after exhausting the additional claims now pending in the state courts, and that once the additional claims are exhausted, the Court allow Petitioner to amend the petition to add the newly exhausted claims to the petition. *See Calderon v. United States Dist. Ct. (Taylor)*, 134 F.3d 981, 985-988 (9th Cir.), *cert. denied*, 525 U.S. 920 (1998) and related authority.

## ARGUMENT / ANALYSIS

### I.  Basic Procedural History

On September 12, 2000, Petitioner filed his Petition For Writ Of Habeas Corpus ("Petition") with this Court pursuant to 28 U.S.C. § 2254. The Petition was filed two days prior to the running of the one-year filing deadline established under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). The Petition contained both exhausted and unexhausted claims and noted that a state court petition was pending regarding the unexhausted claims.[1]

On October 30, 2000, the Court dismissed the Petition based on the habeas exhaustion doctrine. *See Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). The dismissal was without prejudice to Petitioner filing a new petition after all of his state court post-conviction proceedings concluded.

On November 7, 2001, Petitioner filed a protective motion requesting various rulings and orders aimed at avoiding the danger of accidental untimeliness in the re-filing of the Petition following the litigation of the unexhausted claims in state court.

On September 4, 2002, the Court ordered Petitioner to show cause why the Court should grant his request to vacate the Court's previous dismissal of his Petition, directing Petitioner to point to authority upon which the Court could grant the relief Petitioner sought. The Court also denied Petitioner's other requests set forth in the protective motion, one with prejudice and the remainder without prejudice.

///
///
///

---

[1]  The state court petition was then pending in the San Joaquin County Superior Court, Stockton, California. It is now pending in the California Supreme Court.

## II.  Legal Analysis

### A.  Filing The Earlier-Submitted Amended Petition *Nunc Pro Tunc* Would Be A Permissible And Proper Exercise Of The Court's Equitable Powers

A district court may properly exercise its equitable powers to accept an amended petition *nunc pro tunc* to the date of the original filing, even when the original petition has been dismissed and there is thereby no petition pending that could otherwise be amended. *Anthony*, 236 F.3d at 574; *Calderon v. United States Dist. Ct. (Kelly)* 163 F.3d 530, 540 (9th Cir. 1998) (*en banc*) (district court may exercise equitable powers to deem recently filed habeas petition to have been filed *nunc pro tunc* as of the filing date of two earlier petitions that had been dismissed); *Guizar v. Estelle*, 843 F.2d 371 (9th Cir. 1988) (district court may accept resubmitted petition with only exhausted claims *nunc pro tunc* to date of original filing).

This is particularly appropriate where the dismissal of the original mixed petition occurred without a petitioner amending the petition – or being given the option to amend – by striking unexhausted claims as an alternative to suffering dismissal. In *Anthony*, the Court cited with approval the district court's (Fern M. Smith, J.) analysis on this point, holding as follows:

> In *Rose v. Lundy,* 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982), the Supreme Court held that "mixed" federal habeas petitions -- that is, those containing both exhausted and unexhausted claims -- must be dismissed for failure to exhaust state remedies. The Court directed district courts to provide habeas petitioners "with the choice of returning to state court to exhaust [their] claims or of amending or resubmitting the habeas petition to present only exhausted claims to the district court." *Id.* at 510, 102 S.Ct. 1198. In applying *Rose,* this court has "long held that a federal habeas petitioner has a right to amend a mixed petition to delete unexhausted claims as an alternative to suffering a dismissal." *James v. Giles*, 221 F.3d 1074, 1077 (9th Cir. 2000); *see also Taylor*, 134 F.3d at 986.
>
> . . .
>
> *The district court in the instant case recognized that its dismissal of [petitioner's] mixed petition without prejudice to the filing of a new petition was improper in light of AEDPA:*
>> *The new statute of limitation on the filing of federal habeas corpus petitions requires that district courts provide prisoners who file mixed petitions with an opportunity to strike their unexhausted claims and amend or resubmit their petitions so that their amendment or resubmission can relate back to the date of the original filing and not be time-barred.*
>
> *Anthony* [*v. Cambra*], 1998 WL 164971, at *2 [(N.D. Cal. Feb 18, 1998)].
>
> . . .
>
> *As an initial matter, we agree with the district court that its outright dismissal of [petitioner's earlier] petition was improper. This court has made clear that district courts must provide habeas litigants with the opportunity to amend their mixed petitions by striking unexhausted claims as an alternative to suffering dismissal.* In *Taylor*, we explained that Federal Rule of Civil Procedure 15(a), which allows litigants to amend their pleadings once "as a matter of

course" before a responsive pleading has been filed, applies to habeas corpus actions and requires district courts to allow amendment of mixed federal habeas petitions. 134 F.3d at 986; *James*, 221 F.3d at 1077-78 (pro se habeas litigants are entitled to a "statement of the grounds for dismissal and an opportunity to amend the complaint to overcome the deficiency unless it clearly appears from the complaint that the deficiency cannot be overcome. ... [E]ven in the habeas context, we remain guided by the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on pleadings or technicalities.") (citations omitted); *Freeman v. Page*, 208 F.3d 572, 577 (7th Cir. 2000) (dismissal of mixed federal petition "is not proper when that step could jeopardize the timeliness of a collateral attack"). Thus it was error for the district court to dismiss [petitioner's earlier] petition without providing him the opportunity to amend.

*Anthony*, 236 F.3d at 573-574 (emphasis added).[2]

Petitioner here obviously could have – and should have – sought to amend the petition earlier. He did not, which he regrets, but it appears to be of no substantive consequence, given the Court's indications regarding the AEDPA filing deadline in this matter.

Petitioner acknowledges the authority cited by the Court for the principle that "a subsequent petition does not relate back to the petition dismissed for failure to exhaust unless a court expressly or impliedly retains jurisdiction." *See* Order at 5 (citing *Henry v. Lungren*, 164 F.3d 1240, 1241 (9th Cir. 1999); *Dils v. Small*, 260 F.3d 984, 986-87 (9th Cir. 2001)). However, neither *Henry* nor *Dils* would preclude equitable relief under *Anthony*.[3]

In *Henry*, the petitioner's first habeas petition was filed in federal court and was dismissed without prejudice for failing to exhaust his claims. After filing in state court (where the petition was denied), the petitioner was released from prison and discharged from parole. He then re-filed his federal

---

[2] This right to be provided with an opportunity to strike and amend does not appear to be dependent upon whether petitioner is represented by counsel or has filed *pro se*. *See Rose*, 455 U.S. 509 ("we hold that a district court must dismiss such 'mixed petitions,' leaving the prisoner with the choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted claims to the district court"); *Taylor*, 134 F.3d 981 (represented by counsel); *cf. Ford v. Hubbard*, ___ F.3d ___, fn. 13, 2 C.D.O.S. 8162, 2002 D.J.D.A.R. 10,287 (9th Cir. Sep. 6, 2002) (petitioner's *pro se* status is one of the principal reasons the district judge's failure fairly and fully to inform the petitioner about his options with respect to mixed petitions and stay motions constitutes prejudicial error).

[3] Counsel notes that in *Anthony*, the courts did not undertake analysis under Federal Rules of Civil Procedure 59(e) or 60(b) (which sections supplied the starting point for the Court's analysis here regarding Petitioner's earlier request for an order vacating the dismissal). *See* Order at 3-4. While such analysis may be appropriate under certain circumstances (and may have been appropriate earlier, given the basis for relief requested then by Petitioner), the Circuit Court's analysis in *Anthony* demonstrates that it is not necessary in situations where equitable relief is sought regarding a filing deadline in the context of AEDPA.

petition, arguing that since he had been in actual, physical custody when he had filed the original petition, the date he filed that petition (rather than the date of the present petition) must be used to determine whether he satisfied the "in custody" requirement. The Court disagreed, finding that under Federal Rule of Civil Procedure 15(c)(2), the second petition did not relate back to the filing date of the original petition and that since the district court did not expressly or impliedly retain jurisdiction over Henry's original petition when the court dismissed it for failure to exhaust his claims, the present date controlled. *Henry*, 164 F.3d at 1241 ("To hold that Henry's present petition relates back to his original petition would defeat the very purpose of habeas relief: 'to effect release from illegal custody.' [Citation omitted.] . . . Henry was released *before* he filed the petition that is before us. Because of this circumstance, there is no custody from which he could be released." (Emphasis in original)).

The context in *Henry* clearly is distinct from the context in Petitioner's case, as Petitioner is in custody. Additionally, in *Henry*, equitable relief (expressly made available by *Anthony*) was not requested. Moreover, as noted in *Henry*, at least one other court has held expressly to the contrary regarding second petitions relating back to the earlier filing date. *See Henry*, 164 F.3d at 1241 (citing *Williams v. Vaughn*, 3 F.Supp.2d 567, 578 (E.D.Pa. 1998) (filing of second, amended petition relates back under Fed.R.Civ.P. 15(c) to original filing date of first habeas petition, which was dismissed without prejudice to re-file after exhausting state remedies)).[4]

In *Dils*, the court was presented with, in the court's words, a "persistent petitioner" who had submitted numerous filings in the district court as well as the circuit court, to which the circuit court eventually responded by ordering that "no motions for reconsideration, rehearing, clarification, stay of mandate or any other submission shall be filed or entertained in this closed docket." *Dils*, 260 F.3d at 986. The order was lodged with the district court. *Id.* Mr. Dils nevertheless later sought to present the district court with a third petition, claiming that it should relate back to the first petition. Not surprisingly, the circuit court rejected this contention, noting that "[b]y order of this court the docket was closed. Further filings were forbidden." *Id.* at 987.

By contrast, equitable relief under *Anthony* here would be available, especially given the distinctly different procedural history present in *Dils*, as compared to that present in *Anthony* and here.

---

[4] Of further import is that the holding in *Williams* arose in a context similar to that present here: where the danger of exceeding AEDPA's statute of limitations was present. *Williams*, 3 F.Supp.2d at 578.

///
///
///

Additionally, there was no order in the present case similar to that issued in *Dils*, nor is there need for one.[5] *Dils*, too, would not bar relief here.

### B. Petitioner Requests That The New Petition Filed Herewith Be Stayed And Held In Abeyance Pending Exhaustion In The State Courts.

Petitioner has filed herewith a new Petition For Writ Of Habeas Corpus. This new petition contains only those claims that have been exhausted previously in the state courts. Petitioner respectfully requests that the Court stay consideration of the new petition and hold it in abeyance, thereafter allowing him to amend the petition after exhausting the additional claims now pending in the state courts.

This procedure was sanctioned expressly in *Taylor*. *See also Duncan v. Walker*, 533 U.S. 167, 121 S.Ct. 2120, 2130, 150 L.Ed.2d 251 (2001) (Stevens, J., concurring in part and concurring in the judgment, joined by Souter, J.) ("although the Court's pre-AEDPA decision in *Rose v. Lundy*, 455 U.S. 509, 522 (1982), prescribed the dismissal of federal habeas corpus petitions containing unexhausted claims, in our post-AEDPA world there is no reason why a district court should not retain jurisdiction over a meritorious claim and stay further proceedings pending the complete exhaustion of state remedies"); *id.* at 2129 (Souter, J., concurring) ("nothing bars a district court from retaining jurisdiction pending complete exhaustion of state remedies"); *id.* at 2135 (Breyer, J., dissenting, joined by Ginsburg, J.) (recognizing "sound[ness] [of] suggestion[] that district courts hold mixed petitions in abeyance" in appropriate circumstances); *James v. Pliler*, 269 F.3d 1124, 1126-1127 (9th Cir. 2001) (setting forth three-step procedure for amending mixed petition to delete unexhausted claims, holding petition in abeyance, and amending to add the then-exhausted claims); *Anthony*, 236 F.3d at 575 (same); *Greenawalt v. Stewart*, 105 F.3d 1268, 1274 (9th Cir. 1997) ("[a] district court has discretion to stay a petition which it may validly consider on the merits"); *Fetterly v. Paskett*, 997 F.2d 1295, 1301-02 (9th Cir. 1993) (district court has discretion to stay a habeas corpus petition containing only exhausted claims to give the petitioner time to exhaust several newly-discovered claims in state court); *Rowland v.*

---

[5] Of note also is that in *Dils*, the opinion was signed by just two Justices, with the third Justice concurring solely in the result.

*Calderon*, C-94-3037-EFL (N.D. Cal. April 21, 1997) (granting petitioner's request to amend petition to delete unexhausted claims and stay federal proceedings during exhaustion of state remedies).

The Ninth Circuit is not alone in utilizing this procedure. *See, e.g., Burns v. Farley*, 51 F.3d 655, 658-59 (7th Cir. 1995) (suggesting that it would be permissible for a habeas petitioner to "fil[e] a petition raising all exhausted issues and ask [ ] the court for a stay until the remaining issues have been exhausted"); *Thompson v. Wainwright*, 714 F.2d 1495, 1498 (11th Cir. 1983) ("[A] district court having before it a habeas petition containing only exhausted claims may continue the case at the petitioner's request pending his presenting to the state courts other claims that are not included in the petition and have not been exhausted.").

Petitioner understands that the Court has made clear that additional time remains once the California Supreme Court renders its decision regarding the pending state petition. *See* Order at 3, fn. 2 and 4, fn. 4 (indicating that 32 days remain within which to re-file the habeas petition after Petitioner exhausts state remedies, citing *Bunney v. Mitchell*, 262 F.3d 973, 974 (9th Cir. 2001) and California Rule of Court 24). Petitioner and counsel are most appreciative of this clarification. Even so, the stay-and-abeyance procedure requested here would accomplish the same purpose and would eliminate the risk of unforeseen circumstances without requiring unnecessary effort, which is, no doubt, why the Circuit Court has urged the use of thus procedure. *See Hasan v. Galaza*, 254 F.3d 1150, 1152, n. 2 (9th Cir. 2001) (court urges district courts to use the "withdrawal-and-abeyance" method of disposing of habeas petitions that contain unexhausted claims, rather than dismissing without prejudice, where only short period remains to file within AEDPA's statute of limitations). This action at this time also would advance the court's interest in "facilitating decision on the merits, rather than on pleadings or technicalities." *Ford v. Hubbard*, ___ F.3d ___, 2002 WL 31001146, 2 C.D.O.S. 8162, 2002 D.J.D.A.R. 10,287 (9th Cir. Sep. 6, 2002); *James v. Giles*, 221 F.3d 1074, 1078 (9th Cir. 2000).

///
///
///

## CONCLUSION

Petitioner appreciates the clarifications provided by the Court in its earlier Order. In light of those indications, there is no need to revive the earlier Petition.

Petitioner respectfully requests that the Court stay consideration of the new petition (filed herewith) and hold it in abeyance, thereafter allowing him to amend the petition after exhausting the additional claims now pending in the state courts.

Dated: November 1, 2002

Respectfully submitted,

_____
Mark R. Vermeulen
Attorney for Petitioner
KENNETH VERNON