Mark R. Vermeulen [State Bar No. 115381]
Law Office of Mark R. Vermeulen
755 Florida Street #4
San Francisco, CA 94110.2044
Phone: 415.824.7533
Fax: 415.824.4833

Attorney for Petitioner
KENNETH VERNON

FILED

03 MAY -8 AM 10: 53

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH VERNON,<br><br>Petitioner,<br><br>v.<br><br>ANTHONY A. LAMARQUE, et al.,<br><br>Respondents. | No. C 00-3311 MJJ<br><br>PETITIONER'S MEMORANDUM RE: PROCEDURAL HISTORY, TO ACCOMPANY FIRST AMENDED PETITION FOR A WRIT OF HABEAS CORPUS |

## I. Introduction

Petitioner Kenneth Vernon submits this memorandum in conjunction with the First Amended Petition For A Writ Of Habeas Corpus, which is being filed simultaneously now that all claims have been exhausted in the state courts. This memorandum sets out the procedural history in summary form in an effort to aid the Court in determining how to proceed.

## II. Procedural History

### A. History before this Court

On September 12, 2000, Petitioner filed his Petition For Writ Of Habeas Corpus ("Petition") with this Court pursuant to 28 U.S.C. § 2254. The Petition was filed two days prior to the running of the one-year filing deadline established under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). The Petition contained both exhausted and unexhausted claims and noted that a state court petition was then pending regarding the unexhausted claims.

1     On October 30, 2000, the Court dismissed the Petition based on the habeas exhaustion doctrine. *See Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). The Court issued the dismissal order expressly without prejudice to Petitioner filing a new petition after all of his state court post-conviction proceedings concluded.

    On November 7, 2001, Petitioner filed a protective motion requesting various rulings and orders aimed at avoiding the danger of accidental untimeliness in the re-filing of the Petition following the litigation of the unexhausted claims in state court.

    On September 4, 2002, the Court ordered Petitioner to show cause why the Court should grant his request to vacate the Court's previous dismissal of his Petition, directing Petitioner to point to authority upon which the Court could grant the relief Petitioner sought. The Court also denied the requests set forth in the protective motion, one with prejudice and the remainder without prejudice.

    On November 4, 2002, Petitioner filed his Response To Order To Show Cause, noting that pursuant to *Anthony v. Cambra*, 236 F.3d 568, 574 (9th Cir. 2000), *cert. denied*, ___ U.S. ___, 121 S.Ct. 2576, 150 L.Ed.2d 739 (2001) and related authority, the Court could exercise its equitable powers to accept and file the earlier-lodged First Amended Petition For Writ Of Habeas Corpus *nunc pro tunc* to the date of the original filing. Petitioner further noted, however, that the *nunc pro tunc* filing did not appear to be necessary, given the Court's indications regarding the time still available to Petitioner within which to file a petition after exhausting state remedies (i.e., 32 days: *see* Order filed September 4, 2002, at p. 3, fn.2 & p. 4, fn. 4). Petitioner also filed simultaneously with the Response To Order To Show Cause a new petition for writ of habeas corpus which contained only those claims that had been exhausted previously in the state courts. Petitioner requested that the Court stay consideration of the new petition and hold it in abeyance, thereafter allowing him to amend the petition after exhausting the additional claims then pending in the state courts, and that once the additional claims were exhausted, the Court allow Petitioner to amend the petition to add the newly exhausted claims. *See Calderon v. United States Dist. Ct. (Taylor)*, 134 F.3d 981, 985-988 (9th Cir.), *cert. denied*, 525 U.S. 920 (1998) and related authority (authorizing stay-and-abeyance procedure). The requests set forth in the Response are still pending before this Court.

    **B.**    **Recent action by the state court**

    More recently, on April 9, 2003, the California Supreme Court issued an order denying the state court petition. *See* Exhibit F (attached to Additional Exhibits In Support Of First Amended Petition, which is filed herewith). The state court post-conviction proceedings therefore have concluded.

### III. Suggestion For Proceeding Further

With the exhaustion of the claims through the state court post-conviction proceedings, combined with the filing here of the First Amended Petition containing all of the exhausted claims, the issues raised in Petitioner's earlier Response To Order To Show Cause (i.e., the request for filing *nunc pro tunc* or for stay-and-abeyance) appear to be moot. Petitioner therefore respectfully requests that, pursuant to the Court's earlier order (filed September 4, 2002), the Court find that the First Amended Petition is filed in a timely manner and that the case otherwise proceed.

Dated: May 6, 2003

Respectfully submitted,

Mark R. Vermeulen
Attorney for Petitioner
KENNETH VERNON