Mark R. Vermeulen [CSBN 115381]
Law Office of Mark R. Vermeulen
755 Florida Street #4
San Francisco, CA 94110.2044
Phone: 415.824.7533
Fax: 415.824.4833

Attorney for Petitioner
KENNETH VERNON

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| KENNETH VERNON,<br><br>    Petitioner,<br><br>v.<br><br>ANTHONY A. LAMARQUE, et al.,<br><br>    Respondents. | No. C 00-3311 MJJ<br><br>**PETITIONER'S APPLICATION TO PERMIT FILING OF SECOND AMENDED PETITION AND TO HOLD PROCEEDINGS IN ABEYANCE TO ALLOW EXHAUSTION OF ADDITIONAL CLAIMS** |

    Petitioner Kenneth Vernon, through counsel, respectfully requests that the Court permit the filing of the accompanying *Second Amended Petition For Writ Of Habeas Corpus By A Person In State Custody* and that further proceedings be held in abeyance pending the decision of the California Supreme Court on the petition for writ of habeas corpus that Petitioner filed in that court on October 24, 2007.

**I.      Procedural History**

    On September 12, 2000, Petitioner filed his *Petition For Writ Of Habeas Corpus* ("*Petition*") with this Court pursuant to 28 U.S.C. § 2254. The *Petition* was filed two days prior to the running of the one-year filing deadline established under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). The Petition contained both exhausted and unexhausted claims and noted that a state court petition was then pending regarding the unexhausted claims.

    On October 30, 2000, the Court dismissed the *Petition* based on the habeas exhaustion doctrine. *See Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198 (1982). The Court issued the dismissal order expressly

without prejudice to Petitioner filing a new petition after his state court post-conviction proceedings concluded.

On November 7, 2001, Petitioner filed a protective motion requesting various rulings and orders aimed at avoiding the danger of accidental untimeliness in the re-filing of the *Petition* following the litigation of the unexhausted claims in state court.

On September 4, 2002, the Court ordered Petitioner to show cause why the Court should grant Petitioner's request to vacate the Court's previous dismissal of the *Petition*, directing Petitioner to point to authority upon which the Court could grant the relief Petitioner sought. The Court also denied the requests set forth in the protective motion, one with prejudice and the remainder without prejudice.

On November 4, 2002, Petitioner filed his *Response To Order To Show Cause* ("*Response*"), noting that pursuant to *Anthony v. Cambra*, 236 F.3d 568, 574 (9th Cir. 2000), *cert. denied*, 533 U.S. 941 (2001) and related authority, the Court could exercise its equitable powers to accept and file the earlier-lodged *First Amended Petition For Writ Of Habeas Corpus, nunc pro tunc* to the date of the original filing. Petitioner further noted, however, that *nunc pro tunc* filing did not appear to be necessary, given the Court's indications regarding the time still available to Petitioner within which to file a petition after exhausting state remedies (i.e., 32 days: *see Order* filed September 4, 2002 (Doc. 6), at p. 3, fn. 2 & p. 4, fn. 4). Petitioner also filed simultaneously with the *Response* a new petition for writ of habeas corpus which contained only those claims that had been exhausted previously in the state courts. Petitioner requested that the Court stay consideration of the new petition and hold it in abeyance, thereafter allowing him to amend the petition after exhausting the additional claims then pending in the state courts, and that once the additional claims were exhausted, the Court allow Petitioner to amend the petition to add the newly exhausted claims. *See Calderon v. United States Dist. Ct. (Taylor)*, 134 F.3d 981, 985-88 (9th Cir.), *cert. denied*, 525 U.S. 920 (1998) and related authority (authorizing stay-and-abeyance procedure).

The requests set forth in the *Response* were still pending before this Court when, on April 9, 2003, the California Supreme Court issued an order denying the state court petition. Therefore, on May 8, 2003, Petitioner filed his *First Amended Petition* (Doc. 14), along with *Petitioner's Memorandum Re: Procedural History* (Doc. 15) and *Additional Exhibits in Support of First Amended Petition* (Doc. 16).

More recently, additional claims have come to light (including a claim under the recent case of *Cunningham v. California*, 549 U.S. ___, 27 S.Ct. 856 (2007)), which have been filed in an exhaustion petition with the California Supreme Court on October 24, 2007. That petition is pending.

III.  **Legal Authority**

    A.  **The "Stay And Abeyance" Procedure, Long The Law Of This Circuit, Is Expressly Authorized By Recent Supreme Court Precedent**

In recent years, the subject of "stay and abeyance" has arisen most often in cases addressing the question of whether a mixed petition (containing both unexhausted and exhausted claims) could be stayed and held in abeyance pending exhaustion of the unexhausted claims so that the petitioner would not risk running afoul of AEDPA's statute of limitations upon returning to federal court after exhaustion. After several years of litigation resulting in "approv[al] [of] stay-and-abeyance as an appropriate exercise of a district court's equitable powers" in "seven of the eight Circuits to consider" the procedure, *Pliler v. Ford*, 542 U.S. 225, 234, 124 S. Ct. 2441 (2004) (O'Connor, J., concurring), see also *id.*, at 237-40 (Breyer, J., dissenting) ("nearly every circuit has adopted ... [the stay-and-abeyance] procedure"), the Supreme Court in 2005 unanimously approved the use of the procedure in this context. *Rhines v. Weber*, 544 U.S. 269, 279, 125 S.Ct. 1528 (2005); *accord Pace v. DiGuglielmo*, 544 U.S. 408, 416, 125 S.Ct. 1807 (2005).[1] In doing so, the Court noted the need for such a procedure "[a]s a result of the interplay between AEDPA's 1-year statute of limitations and [*Rose v.*] *Lundy*'s dismissal requirement, [whereby] petitioners who come to federal court with 'mixed' petitions run the risk of forever losing their opportunity for any federal review of their unexhausted claims." *Rhines*, 544 U.S. at 275, 277. In an opinion joined in full by all but one Justice, the Court overturned the Eighth Circuit's ruling foreclosing "stay and abeyance" and identified situations in which "it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition." *Id.*, at 278. The remaining member of the Court, Justice Souter, concurred in part and concurred in the judgment, writing separately to express his view that the range of situations permitting use of the "stay and abeyance" procedure should be even broader. *Id.*, at 279 (Souter, J., concurring in part and concurring in the judgment, joined by Ginsburg and Breyer, JJ.).

Accordingly, the Court in *Rhines* unanimously endorsed a "'stay-and-abeyance' procedure" that operates in the following manner:

---

[1] The Ninth Circuit long had been among the majority of the Circuit Courts that had adopted the procedure. *See, e.g., Anthony v. Cambra*, 236 F.3d 568, 575 (9th Cir. 2000); *Calderon v. U.S. Dist. Court (Thomas)*, 144 F.3d 618, 620-21 (9th Cir. 1998); *Calderon v. U.S. Dist. Court (Gordon)*, 107 F.3d 756, 760 (9th Cir.), *cert. denied*, 522 U.S. 907 (1997); *Fetterly v. Paskett*, 997 F.2d 1295, 1301-02 (9th Cir. 1993), *cert. denied*, 513 U.S. 914 (1994); *Ashmus v. Calderon*, 977 F.Supp. 987, 991-92 (N.D.Cal. 1997); *id.* at 992 n.10 (citing other cases).

> Under this procedure, rather than dismiss the mixed petition pursuant to *Lundy*, a district court might stay the petition and hold it in abeyance while the petitioner returns to state court to exhaust his previously unexhausted claims. Once the petitioner exhausts his state remedies, the district court will lift the stay and allow the petitioner to proceed in federal court.

*Id.*, at 275-76.

As cases had recognized long before the more recent litigation on stay and abeyance in the AEDPA statute of limitations context, exhaustion of state remedies is not a necessary precondition to the filing of a federal habeas corpus petition, but is instead a condition that must be fulfilled before relief may be granted. *See* 28 U.S.C. § 2254(b) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court *shall not be granted* unless it appears that the applicant has exhausted the remedies available in the courts of the State ... .") (emphasis added); *see also*, *Sharpe v. Buchanan*, 317 U.S. 238, 63 S.Ct. 245 (1942); *Davis v. Jackson*, 246 F.2d 268 (2d Cir. 1957); *cf. McNeil v. United States*, 508 U.S. 106, 111, 113 S.Ct. 1980 (1993) (exhaustion of administrative remedies under Federal Tort Claims Act, 28 U.S.C. § 2675(a), is prerequisite to filing an action, but only because the Act's language – "[a]n action shall not be instituted ... unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency" – unambiguously requires prefiling completion of exhaustion). Exhaustion of state remedies, in other words, is not jurisdictional. *See, e.g., Granberry v. Greer*, 481 U.S. 129, 131, 107 S.Ct 1671 (1987); *Strickland v. Washington*, 466 U.S. 668, 679, 104 S.Ct. 2052 (1984); *Brown v. Rison*, 895 F.2d 533, 535 (9th Cir. 1990) (judicially created requirement that federal prisoners exhaust administrative remedies before filing habeas petition is not jurisdictional). Accordingly, the pendency or contemplation of state postconviction proceedings does not preclude a federal district court from taking or retaining jurisdiction over a habeas petition pending exhaustion of state remedies.

The Court in *Rhines* set forth criteria for the use of the "stay and abeyance" procedure, noting that a district court should grant a stay and hold the federal proceedings in abeyance pending exhaustion of the unexhausted claims – and, indeed, the Court stated that "it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition" – if (1) "petitioner had good cause for his failure to exhaust,"[2] (2) "his unexhausted claims are potentially meritorious," and (3) "there is no

---

[2] As four members of the Court recognized in concurring opinions in *Rhines*, the newly-announced "good cause" requirement, if applied too "strictly" or "inflexibl[y]," could run afoul of the Court's original intent in creating the "total exhaustion" rule in *Rose v. Lundy*. *Rhines*, 544 U.S. at 279

Case 4:00-cv-03311-CW   Document 17   Filed 10/24/2007   Page 6 of 9

Case 4:00-cv-03311-CW    Document 17    Filed 10/24/2007    Page 8 of 9